IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

Petitioner,

v.                                            OPINION and ORDER

GEORGE LENZNER, NICK PREY, JESS HOFFMAN,      24-cv-665-jdp
and CHRIS MADLE,

Respondents.

---

Jeremy Knutson, appearing without counsel, is currently detained at the Shawano County Jail after being charged with various crimes including battery, resisting an officer, disorderly conduct, and bail jumping. *State v. Knutson*, Shawano County Case Nos. 2024CF27 and 2024CM33. Knutson seeks a petition for writ of habeas corpus under 28 U.S.C. § 2241, contending that officers violated his Fourth Amendment rights in the course of arresting him, that he is being denied a speedy trial, that his bond is excessive, and that at least some of the charges against him violate his right against double jeopardy.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will deny his petition.

---

[1] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

This is the second habeas petition that Knutson has brought in this court regarding his pending criminal cases. I denied his previous petition because be brought claims regarding his conditions of confinement that did not belong in a habeas action, his claim of false arrest was an issue that he could bring in the underlying state-court proceedings, and he hadn't attempted to exhaust his speedy-trial claim in the state-court system first. *Knutson v. Lenzner*, No. 24-cv-126-jdp, 2024 WL 1619350, at *2 (W.D. Wis. Apr. 15, 2024).

Knutson's current petition suffers from some of the same problems. I cannot consider any of his claims for money damages in this habeas action. And he brings habeas claims about a false arrest that I must abstain from considering because they can be raised in state court. *See Younger v. Harris*, 401 U.S. 37, 49 (1971) (exceptional circumstances to consider a pretrial detainee's habeas petition do not exist when the threatened injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith" (quotation omitted)).

Knutson's speedy-trial, excessive-bail, and double jeopardy claims are the types of exceptional circumstances that could allow this federal court to intervene in state-court criminal proceedings. *See, e.g., Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 488 (1973) ("petitioner is entitled to raise his speedy trial claim on federal habeas corpus at this time"); *U.S. ex rel. Garcia v. O'Grady*, 812 F.2d 347, 356–57 (7th Cir. 1987) ((Easterbrook, J., concurring) (excessive-bail claim can be litigated in a habeas action); *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 861 (E.D. Wis. 1999) ("Postponing review until after conviction would undermine the purpose of the double jeopardy clause . . . ."). But as with his previous habeas petition, Knutson's current petition fails because he has not yet exhausted his claims in the state-court system. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (even when "exceptional circumstances" supporting federal habeas petition for pretrial detainee exist,

petitioner must exhaust state-court remedies before coming to federal court). The state court system's electronic database shows that Knutson has filed multiple habeas petitions. *See* Case Nos. 2024AP1072, 2024AP1456, and 2024AP1823.[2] It's unclear whether he raises the precise claims that he raises in this habeas petition. But even if he has, he hasn't properly exhausted those claims because he has not yet received a ruling from the Wisconsin Supreme Court in any of those state-court habeas actions. So I must deny his petition in this court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Knutson a certificate of appealability. Knutson may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Jeremy Knutson's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED.

---

[2] *See* https://wscca.wicourts.gov.

2.  Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered October 24, 2024.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4